

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

November 8, 2024

**Case No. MUL-2022-904838-1**

The Foundation for Global Political Exchange, Inc.
c/o Joshua Andresen
Scientia Guidance
50 St. Mary's Road
Hemel Hempstead
HP2 5HL
United Kingdom

Mr. Andresen:

This letter revokes the December 6, 2022 denial of your application dated April 25, 2022, and supplemented on June 23, 2022 (together, the "Application"), submitted on behalf of The Foundation for Global Political Exchange, Inc. ("GPE" or the "Foundation"), to the U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") (Case No. MUL-2022-904838-1).

According to the Application, GPE is a U.S.-registered non-profit organization that organizes various "Exchanges," i.e. small group, direct engagement conferences focused on the political dynamics of a specific country or region. GPE organizes the Exchanges on its own initiative, seeking to engage participants—including journalists, human rights advocates, students, and government officials—in a dialogue with key players, including intellectuals, activists, and politicians, from across the political landscape. For each Exchange, GPE organizes meetings between speakers and Exchange participants, which typically take place at the speaker's place of work. At each meeting, the speaker gives opening remarks on their analysis of a given situation related to domestic or international affairs. During the meetings, participants directly engage with and question the speaker about the speaker's presentation, their views, and their role in the political landscape, among other topics.

GPE planned to invite several sanctioned persons to speak in Beirut, Lebanon, at its 21st Beirut Exchange Summer 2022 ("Beirut Exchange"), a conference that ultimately took place in January 2023. The planned speakers included: (i) Usama Hamdan, blocked in 2003 under the Global Terrorism Sanctions Regulations, 31 C.F.R. part 594 ("GTSR"), (ii) Ammar Moussawi and Ali Fayyad, Hizballah leaders who have not themselves been designated,[1] (iii) Gibran Bassil, blocked in 2020 under the Global Magnitsky Sanctions Regulations, 31 C.F.R. part 583 ("GMSR"), and (iv) Jamil Sayyed, blocked in 2021 under the Lebanon Sanctions Regulations, 31 C.F.R. part 549 ("LSR") (together, the "Speakers"). In advance of the Beirut Exchange, GPE requested guidance from OFAC clarifying that including the Speakers in the

---

[1] Although Hizballah is designated as an SDGT, Mr. Moussawi and Mr. Fayyad were not, and are not, themselves SDGTs. To the extent a U.S. person engages in a transaction with, or provides a service to or for the benefit of, an SDGT through an individual acting on its behalf, such activities may be prohibited.

1

event was not prohibited by U.S. sanctions. In the alternative, GPE requested a specific license to include the Speakers in its event.

The GTSR generally prohibit U.S. persons from engaging in any transaction or dealing in property or interests in property of Specially Designated Global Terrorists ("SDGTs") whose property or interests in property are blocked pursuant to section 594.201(a). The GMSR generally prohibit all transactions prohibited pursuant to Executive Order 13818 "Blocking the Property of Persons Involved in Serious Human Rights Abuse or Corruption." ("EO 13818").  The LSR generally prohibit U.S. persons from engaging in any transaction or dealing in property or interests in property of any person whose property and interests in property are blocked pursuant to section 31 CFR § 549.201(a).  These prohibitions also generally prohibit the making or receiving of any contribution of funds, goods, or services to or for the benefit of persons whose property or interests in property are blocked pursuant to the GTSR, GMSR, or LSR, respectively.  31 CFR §§ 594.204; 583.201(b); 549.201(b).

The International Emergency Economic Powers Act (IEEPA) provides that the authority granted to the President by IEEPA "does not include the authority to regulate or prohibit, directly or indirectly . . . any postal, telegraphic, telephonic, or other personal communication, which does not involve a transfer of anything of value . . . or, the importation from any country, or the exportation to any country, whether commercial or otherwise, . . . of any information or informational materials."  50 U.S.C. § 1702(b)(1), (3).

Upon further review of the information you have provided, OFAC has determined that including sanctioned persons as speakers at the Beirut Exchange, including actions ordinarily incident to facilitating their participation as speakers, under the circumstances you have described, is not a service prohibited by U.S. sanctions and thus no authorization is necessary.  In making this determination, OFAC has considered the following facts and representations set forth in the information you have provided:

1. GPE has not engaged and will not engage in any financial transaction with or for the benefit of a sanctioned person, directly or indirectly, including any payment to a person listed on OFAC's Specially Designated Nationals and Blocked Persons List ("SDN List"), or any person acting on a blocked person's behalf.  GPE has not accepted and will not accept funding or receive any payments or financial support from any blocked person, directly or indirectly, anyone who is acting for or on behalf of a blocked person, or anyone who is otherwise subject to U.S. sanctions.

2. GPE has not provided and will not provide to, nor receive from, a blocked person any transportation, lodging, good, or thing of value.  Although GPE typically offers nominal honorariums to most speakers who are eligible to receive them, GPE does not offer honorariums, or otherwise provide any good or service to, or accept any good or service from, any blocked person, anyone who is acting for or on behalf of a blocked person, or anyone who is otherwise subject to U.S. sanctions.

3. GPE has organized its Exchanges, including the Beirut Exchange, on its own initiative, acting on its own behalf and in furtherance of its mission to promote professional and academic enrichment.  GPE has not acted and is not acting for or on behalf of any blocked person, anyone who is acting for or on behalf of a blocked person, or any other person subject to U.S. sanctions, directly or indirectly.  GPE's aim was to allow participants to

    better understand the major actors and viewpoints that were shaping the political landscape. In organizing the Beirut Exchange, like other Exchanges, GPE did not intend to impermissibly benefit sanctioned persons or to facilitate sanctions violations.

4. GPE has not and will not provide any specialized training or assistance to the Speakers, nor would the Speakers, at the Exchange, provide any specialized training or assistance to, or receive any specialized training or assistance from, other sanctioned persons or those acting for or on their behalf, directly or indirectly, in violation of U.S. sanctions.

Based on the facts and representations made by GPE in the information you have provided, including sanctioned persons as speakers at the Beirut Exchange for the purpose of facilitating political dialogue, including actions ordinarily incident to facilitating their participation as speakers under the above circumstances, is not a service prohibited by U.S. sanctions, and thus no authorization is necessary. OFAC does not seek to prohibit the type of conduct described in the information you have provided. To the extent that GPE includes sanctioned persons or members of sanctioned groups as speakers at similar Exchanges—either physically in-person or hosted virtually online—under the circumstances described in items (1)–(4) above, no authorization from OFAC is necessary.[2]

Please note that this determination is based upon the facts and representations you have provided. OFAC does not prohibit the type of conduct described here. However, OFAC is aware of instances where sanctioned persons have used conferences to engage in conduct that threatens U.S. national security, such as using conferences as a platform to recruit and collect intelligence on attendees, facilitate connections among those who would seek to harm U.S. persons or interests, or provide training or instruction in how to launder money, evade U.S. sanctions, or otherwise violate U.S. sanctions. We urge due diligence by U.S. persons to guard against such abuse.

To mitigate the risks of sanctions violations, OFAC encourages persons subject to U.S. sanctions to employ a risk-based approach to sanctions compliance by developing, implementing, and routinely updating a sanctions compliance program. For additional information, please see OFAC's *Framework for OFAC Compliance Commitments*, available at https://ofac.treasury.gov/media/16331/download?inline.

OFAC encourages anyone who may have violated OFAC sanctions to disclose such activities to OFAC, and voluntary self-disclosure is considered a mitigating factor by OFAC in its enforcement actions. OFAC will also consider the existence, nature, and adequacy of a subject person's risk-based OFAC compliance program at the time of the apparent violation(s), where relevant, among other factors. Please see OFAC's *Enforcement Guidelines* for additional information regarding voluntary self-disclosures and other mitigating factors, as well as the agency's general framework for the enforcement of economic sanctions programs administered by OFAC, available at https://ofac.treasury.gov/media/7566/download?inline.

---

[2] Similarly, as memorialized in OFAC's response to GPE's separate January 23, 2023 application (Case No. IA-2023-1020752-1), GPE's inclusion of the Iranian Mr. Mohammad Marandi in its Yemen-related Exchanges, under the circumstances described in GPE's January 23, 2023 letter to OFAC, is not a service prohibited by U.S. sanctions.

If you have any additional questions, you may refer to the OFAC website at https://ofac.treasury.gov or call our office at (202) 622-2480.

                Sincerely,

                *Lisa M. Palluconi*
                Digitally signed by Lisa M. Palluconi
                Date: 2024.11.08 08:14:32 -05'00'

                _____
                Lisa M. Palluconi
                Acting Director
                Office of Foreign Assets Control